IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WARREN D. FRIDAY                                                                PLAINTIFF

v.                                                                        No. 1:04CV127-D-A

BUTCH HOWARD, ET AK.                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Warren D. Friday, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

The plaintiff was incarcerated at the Lowndes County Detention Center in Columbus, Mississippi for approximately twenty-two months between the years 2001 and 2003. (Deposition Excerpts of Warren Friday, attached to Motion for Summary Judgment as Exhibit "3," p.6).

The plaintiff alleges that while incarcerated at the Lowndes County Detention Center he was denied medical treatment. (Exhibit "3", p. 21). Specifically, he alleges that he was denied an antidepressant medication known as Elavil for treatment of mood swings associated with

bipolar disorder. (Exhibit "3", p. 23-30). However, the plaintiff testified in his deposition that upon his arrival at the Lowndes County Detention Center *he did not have an active prescription for Elavil*, and, indeed, had not possessed such a prescription since 1999. (Exhibit "3", pp. 25-26). Thus, the plaintiff was not taking Elavil or any other prescription medication for depression or bipolar disorder for two years prior to his arrest. (Exhibit "B", p. 26-28). Neither was the plaintiff taking Elavil or any other prescription medication for depression at the time of his deposition. (Exhibit "3", p. 28).

The saw the jail doctor, defendant Dr. Stanback, when he came to the jail once a week. The plaintiff was able to see the defendant nurses (Rickert and Cooper) on a daily basis; these nurses worked full-time at the Lowndes County Detention Center. (Exhibit "B", p.39). Whenever the plaintiff filled out a medical request form, he was seen by either the nurses or Dr. Stanback. (Exhibit "3", p. 40).

The plaintiff never had an emergency medical situation during his detention at the Lowndes County Detention Center; and emergency would have required his immediate transfer to the emergency room. (Exhibit "3", p. 40). The Lowndes County Detention Center medical file on the plaintiff shows that he requested medical treatment on several different occasions, and received medical treatment after each request. (See Medical File on Warren Doug Friday, attached to Motion for Summary Judgment as Exhibit "4"). The plaintiff was referred to community counseling for a psychiatric evaluation (including review of his medical records) and received treatment. (See Referral, attached to Motion for Summary Judgment as Exhibit "5"). The Referral also noted that Elavil (the antidepressant) was discontinued in 1998 and Depakote (the anticonvulsant used to treat bipolar disorder) began. The plaintiff did not request Depakote.

## Discussion

The plaintiff's complaint boils down to two claims: (1) that the defendants would not provide him with the antidepressant Elavil to treat his bipolar disorder, and (2) that they would not provide him with Benadryl when he broke out in a rash. Neither of the claim has merit

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986) This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *See Hare v. City of*

*Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The plaintiff complains that he was denied Elavil to treat his bipolar disorder. He did not, however, have a prescription for Elavil, and Dr. Stanback informed the plaintiff that Elavil is not used to treat bipolar disorder. The plaintiff was examined and treated at the Community Counseling Center for his psychiatric problems. The plaintiff did not agree with the treatment provided. Regarding the plaintiff's rash, Dr. Stanback prescribed Calamine Lotion for treatment, rather than the Benadryl cream the plaintiff preferred. As set forth above, the plaintiff's mere disagreement with the medical treatment provided does not state a claim under 42 U.S.C. § 1983.

The plaintiff has not alleged or proved that he has been harmed in any way by the actions of the defendants. As such, he has not stated a claim against any of the defendants. In addition, the plaintiff admitted in his deposition that defendant Dr. Raymond Overstreet never even took the plaintiff on as a patient or treated him. The plaintiff's claims against Dr. Overstreet shall thus be dismissed as frivolous. In sum, the motion by the defendants for summary judgment shall be granted, and the instant case shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of March, 2007.

/s/ Glen H. Davidson
CHIEF JUDGE